UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MICHAEL ALLEN HOLLEY,

    Debtor.

Case No. 7-12-12608 Ta

MIDAS AUTO SALES, INC.,

    Plaintiff,

v.

Adversary No. 12-1301 T

MICHAEL ALLEN HOLLEY,

    Defendant.

## **MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss with Prejudice (the "Motion"). Plaintiff objected to the Motion and the matter has been briefed. For the reasons set forth below, the Court finds that the Motion should be denied for the most part, but that Plaintiff should be required to file an amended complaint within 14 days from the entry of this opinion.

### I.    BACKGROUND

1. Defendant was the manager and majority owner of Duke City Auto Auction, LLC, a New Mexico limited liability company ("Duke City").

2. On or about April 5, 2011, Plaintiff delivered 12 vehicles it owned to Duke City, to sell at Duke City's auction.

3. Duke City sold some of the vehicles and received the sales proceeds.

4. On or about April 6, 2011, Duke City issued Plaintiff eight checks drawn on Duke City's account at Peoples Bank in Albuquerque, New Mexico.

5. Plaintiff alleges that when it presented the checks for payment, Peoples Bank refused to honor the checks, stating that there were insufficient funds in the account.

6. Duke City went out of business shortly thereafter.

7. Defendant filed this chapter 7 bankruptcy case July 11, 2012.

8. Plaintiff filed a Complaint for Determination of Dischargeability and Objection to Discharge of Debt on October 12, 2012, doc. 1 (the "Complaint").

9. Defendant filed the Motion on March 11, 2013, doc. 12. Plaintiff filed a Response to Motion to Dismiss With Prejudice on March 27, 2013, doc. 20 ("Response") and a Supplemental Brief in Support of 11 U.S.C. § 523(a)(4) and (6) Claims and For Discovery on April 11, 2013, doc. 25 ("Plaintiff's Brief"). Defendant filed a Supplemental Brief in Support of Debtor's Motion to Dismiss on April 24, 2013, doc. 27 ("Defendant's Brief").

10. At a hearing held March 28, 2013, the Court denied the Motion with respect to Plaintiff's claim under § 523(a)(2).

II. DISCUSSION

A. Exclusion of Matters Outside the Pleadings. Although styled a motion to dismiss, the Motion and Defendant's Brief focus exclusively on challenging Plaintiff's version of the facts. In the Motion, Defendant argues that there "are no facts to support any of the legal theories" Plaintiff asserts. Motion,

p. 1. Defendant asserts that Plaintiff's allegations are "factually false" and "a total fabrication." Motion, p. 2. In his Brief, Defendant asserts that Plaintiff's allegations "are simply not true," p. 1; that Plaintiff is "unable to substantiate" its allegations, p. 1; that certain allegations are "untrue," p. 5; that certain allegations are "without merit," p. 5; that a certain accusation is "false," p. 9, etc. Defendant's Brief attaches a number of exhibits, including check copies and a copy of a bank account statement.

While Plaintiff's Brief contains substantial legal argument, Plaintiffs Response and Brief also argue the facts, attach affidavits, and attach numerous exhibits.

Under Rule Bankruptcy Rule 7012 and FRCP 12, the Court must either exclude all matters presented that are outside of the pleadings, or else treat the Motion as a motion for summary judgment. The Court has broad discretion to refuse to accept the extra-pleading materials and resolve the motion solely on the basis of the pleading itself. *Navajo Nation v. Urban Outfitters, Inc.*, __ F. Supp. 2d __, 2013 WL 1294670 (D.N.M. 2013), citing *Lowe v. Town of Fairland, Okl.,* 143 F.3d 1378, 1381 (10th Cir. 1998). *See generally* 5A Wright & Miller, Federal Practice and Procedure§ 1366 (1990). If the Court elects to convert the motion to dismiss into a motion for summary judgment, it must give notice to the parties and allow them to present extra-pleading evidence. *Navajo Nation,* 2013 WL 1294670, at *6.

The Court will not convert the Motion into a motion for summary judgment, and therefore will not consider any extra-pleading materials. The Court will treat

the Motion as a motion to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

B. <u>Sufficiency of Plaintiff's Complaint</u>.  It is apparent from Plaintiff's Brief that it wishes to assert the following nondischargeability claims against Defendant:

| Subsection of § 523(a) | General description of claim | References in Plaintiff's Brief |
|---|---|---|
| | | |
| § 523(a)(2)(A) | False pretenses, a false representation, or actual fraud | pp. 1, 3, 5, 7, 23 |
| § 523(a)(4) | Defalcation while acting in a fiduciary capacity | 1, 2, 3, 4, 5, 7, 10, 14-23 |
| § 523(a)(4) | Embezzlement | 1, 4, 5, 10-13, 23 |
| § 523(a)(4) | Larceny | 1, 4, 5, 10-14, 23 |
| § 523(a)(6) | Willful and malicious injury to property of another | 1, 2, 3, 6, 7, 23 |

In the Complaint, the claims are not adequately pled.  The main paragraph of the Complaint that identifies Plaintiff's causes of action is paragraph 6, which states:

> The nondischargeability claims consist of an objection to Dischargeability under 11 U.S.C. § 523(a)(2)(A) based on fraud or false pretenses, an objection to Dischargeability under 11 U.S.C. § 523(a)(4) based on defalcation while acting in a fiduciary capacity, and an objection to Dischargeability under 11 U.S.C. § 523(a)(4) based on embezzlement of [Plaintiff's] automobile delivered in trust to be auctioned by Debtor which automobiles and titles were converted to the benefit of debtors.

Complaint, p. 2.  Paragraph 8 of the Complaint alleges that "the $40,300 debt

-4-

owed by Debtors [sic] to Midas is nondischargeable under applicable sections of the Bankruptcy Code." Complaint, p. 3. There is no mention of alleged larceny or alleged willful and malicious injury to property. There is no allegation about whether, or how, an express or technical trust was created.

Although the pleading standards under the Federal Rules of Civil Procedure are not stringent, a complaint must be sufficiently detailed and informative to enable the defendant to respond. 5 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1215, n. 5 and accompanying text. The Court believes Plaintiff's current complaint falls below this standard. Plaintiff's Complaint is not adequate to give Defendant enough notice of the claims against him.

Plaintiff should be required to file an amended and restated complaint that includes, at a minimum:

1. Separate counts for each subsection of § 523(a) that is alleged to apply, and if a subsection includes multiple claims (e.g. § 523(a)(4)), separate counts for each portion of the subsection;

2. For a count based on alleged fraud or false pretenses, allegations of each element of a fraud claim under New Mexico law, plead with particularity;[1]

3. For a count based on alleged defalcation while acting in a fiduciary capacity, allegations of the facts that give rise to the requisite express or technical trust (including citations to any statute relied upon, and/or any writing or other evidence of the creation of an express trust);

---

[1] *See* Bankruptcy Rule 7009(b).

-5-

Case 12-01301-t    Doc 28    Filed 05/09/13    Entered 05/09/13 16:20:29 Page 5 of 9

4. For a count based on embezzlement, separate allegations of each element of a civil embezzlement claim under New Mexico law;

5. For a count based on larceny, separate allegations of each element of a civil larceny claim under New Mexico law;

6. For a count based on conversion or other willful injury, separate allegations of each element of a conversion claim under New Mexico law;

7. Allege why Defendant rather than Duke City should be held accountable for any alleged wrongdoing; and

8. If Plaintiff has a good faith basis for asserting a claim for attorney fees, the factual support of such a claim.

The Court will reserve ruling on whether any claims in the amended and restated complaint that are not mentioned in the Complaint are timely.

C. <u>The Nature of the Relationship Between the Parties</u>. A key issue in any § 523(a)(4) and (a)(6) claim is the nature of the relationship between the parties. If Defendant had fiduciary duties to Plaintiff, and/or held the proceeds from the sale of Plaintiff's vehicles in an express or technical trust, then it will be easier for Plaintiff to establish one or more of its (a)(4) or (a)(6) claims[2] On the

---

[2] A § 523(a)(4) non-dischargeability claim based on alleged defalcation requires as a threshold matter "the existence of a fiduciary relationship between the debtor and the objecting party." *Antlers Roof-Truss and Builders Supply v. Storie (In Re Storie)*, 216 B.R. 283, 286 (10th Cir. BAP 1997). The existence of such a fiduciary relationship is determined by federal law. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996); *Sawaged v. Sawaged (In re Sawaged)*, 2011 WL 880464, at *3 (10th Cir. BAP 2011). Under Tenth Circuit law, a fiduciary relationship exists only where a debtor has been entrusted with money pursuant to "an express or technical trust." *Sawaged*, at *3, citing *Fowler Bros.*, 91 F.3d at 1371 and *Allen v. Romero (In re Romero)*, 535 F.2d 618, 621 (10th Cir. 1976).

-6-

other hand, if the relationship between Plaintiff and Defendant was a simple debtor-creditor relationship, then Plaintiff would not be able to establish its (a) (4) defalcation claim.

The nature of the relationship between an automobile auction company and its customers is not clear. *See e.g. In re Teta,* 2011 WL 2435948, at *10 (Bankr. D. Colo. 2011) (consignment of automobile for resale did not create a trust relationship). In *In re Howell,* 178 B.R. 730 (Bankr. W.D. Tenn. 1995) the court stated:

> Courts generally require that in order for a fiduciary relationship to exist when there is a consignment, the consignment proceeds must be segregated and must not be available for the consignees general use. *In re Sutton* at 394; *see also Hurlbert v. Drake,* 5 B.R. 149 (Bankr. D. Idaho 1980); *DL & B Oil Company v. Dawson,* 16 B.R. 343 (Bankr. N.D. Ill. 1982). In this case, there was no evidence that the proceeds of the sale of the watch were segregated, and there was no evidence presented that the parties even intended that the proceeds were to be segregated. Therefore only a debtor-creditor relationship existed, as opposed to a trust relationship. *See In re Farrell & Howard Auctioneers, Inc.,* 172 B.R. 712 (Bankr. D. Mass. 1994). Although it is undisputed that Mr. Smallwood never actually received payment for the watch, and although a court, as a matter of equity, could find that an implied trust existed, the fact remains that the parties' consignment relationship did not rise to the level of an express trust as required by § 523(a)(4). Because the court finds that no fiduciary relationship existed it is unnecessary for this court to determine whether fraud or defalcation occurred.

178 B.R. at 733.

In *In re Marshall,* 24 B.R. 105 (Bankr. W.D. Mo. 1982), the bankruptcy court held that under Missouri law, an auctioneer is an agent and not a fiduciary. 24 B.R. at 107. *See also In re Beetler,* 368 B.R. 720, 726 (Bankr. C.D. Ill. 2007) (no fiduciary relationship arose because of consignment; *In re Mask,* 2007 WL 7138339, at *3 (Bankr. N.D. Ga. 2007) (no trust relationship based on

-7-

Case 12-01301-t   Doc 28   Filed 05/09/13   Entered 05/09/13 16:20:29 Page 7 of 9

consignment agreement); *In re Rigsby,* 18 B.R. 518, 520 (Bankr. E.D. Va. 1982) (consignment not sufficient to establish an express technical trust); *In re Perryman,* 191 B.R. 196, 199 (E.D. Okl. 1996) (same); and *Matter of Hyers,* 70 B.R. 764, 771 (Bankr. M.D. Fla. 1987) (no fiduciary relationship based on consignment agreement).

Other cases may support Plaintiff's position that it is more than a creditor of Duke City. *See, e.g., In re Khan,* 461 B.R. 343, 348-49 (E.D. Va. 2011) (finding that convenience store operator received gasoline proceeds in trust for supplier, and therefore debt to supplier may be nondischargeable under (a)(4) or (a)(6)); *In re Ahmed,* 2012 WL 6093446, at *4 (Bankr. E.D. Va. 2012) (following *Khan*); *Volunteer State Oil Co., v. Adkisson*, 26 B.R. 879, 882 (Bankr. E.D. Tenn. 1983) (to the same effect); *Pool v. Johnson,* 2002 WL 598447, at *4 (N.D. Tex 2002) (agency relationship can be transformed into the type of fiduciary relationship upon which an (a)(4) defalcation claim can be based).

While the existence of an express or technical trust is most important to an (a)(4) defalcation claim, it is clear that if Plaintiff was never more than a general creditor of Defendant, Plaintiff's embezzlement, larceny, and conversion claims would be difficult to prove.

The Court is not ruling on any issues relating to the relationship of the parties, but only mentions the issues so Plaintiff, when drafting the amended complaint, and Defendant, when responding, will consider them carefully. The Court hopes to focus the parties' attention on these critical issues so the litigation can proceed as efficiently as possible, and claims with little or no factual support

-8-

will not divert the parties' time, effort, and money.

### III. CONCLUSION

Defendant's Motion to Dismiss will be denied, except to the extent that the Court will require Plaintiff to file an amended complaint that complies with the requirements set out above, within 14 days from the date of this opinion. A separate order will be entered.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: May 9, 2013.

Copies to:

Karl F. Kalm
Charles Kalm
P.O. Box 20248
Albuquerque, NM 87154

Michael Allen Holley
2347 Tulane Avenue
Long Beach, California 90815